IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA WELL BEING GROUP, INC., | CASE NO. 1:12-CV-00315-LJO-SMS |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| vs. | (Doc. 7) |
| 4CORNER INTERNATIONAL CONSULTING GROUP, LLC, et al., | |
| Defendants. | |
| _____ / | |

Plaintiff California Well Being Group, Inc. ("CA Well Being") filed suit against Defendants 4Corner International Consulting Group, LLC ("4Corner") and Phil Zavala ("Mr. Zavala") for breach of contract, fraud, conversion, breach of fiduciary duties, accounting, and unjust enrichment. Now pending before the Court is Defendants' motion to dismiss, wherein Defendants seek the dismissal of CA Well Being's claim for fraud. CA Well Being has opposed the motion. Upon consideration of the parties' submissions and the record in this case, the Court finds this matter to be suitable for decision without oral argument, VACATES the hearing scheduled for this matter pursuant to Local Rule 230(g), and GRANTS the motion to dismiss.

**I.     BACKGROUND**

   **A.     Plaintiff's Allegations**

This action is currently proceeding on CA Well Being's original complaint in which it alleges the following. On or about August 9, 2005, CA Well Being entered into a written agreement with Mr. Zavala, the sole member and manager of 4Corner. Under the agreement, Mr. Zavala agreed to provide CA Well Being financial consulting services, including weekly cash flow analysis, weekly profit/loss

1

analysis, and business policy development.  In return, Mr. Zavala and 4Corner were compensated at a rate of $135 per hour.

Over the course of the next few years, the relationship between CA Well Being and Mr. Zavala deepened.  In January 2006, Mr. Zavala became a 10% shareholder in CA Well Being in which he was paid a base salary of $1,500 per month, was reimbursed business expenses, and received 10% of CA Well Being's net profits.[1]  While Mr. Zavala's responsibilities did not initially change as a result of his stake in the company, in or about November 2007, Mr. Zavala did assume the additional responsibility of caring for CA Well Being's general bookkeeping, which included paying employees, vendors, and federal and state taxes.

Mr. Zavala repeatedly assured CA Well Being that its taxes and business expenses were being paid on time and that Mr. Zavala and 4Corner were being compensated the proper amount.  However, in June 2010, the Internal Revenue Service ("IRS") informed CA Well Being that the company was derelict in paying its federal and payroll taxes and required CA Well Being to make monthly payments to pay the taxes in arrears.  The problem did not end there.  A year later, CA Well Being discovered during an internal audit that Mr. Zavala had failed to make the monthly payments to the IRS and had failed to pay certain business expenses such as rent.  In addition, CA Well Being discovered that Mr. Zavala had been paying himself and 4Corner between $10,000 and $12,000 per month since assuming responsibility over CA Well Being's bookkeeping, which was well above the rate of compensation that the parties had previously agreed to.

Based on these allegations, CA Well Being asserts six causes of action: (1) breach of contract; (2) fraud; (3) conversion; (4) breach of fiduciary duties; (5) accounting; and (6) unjust enrichment.  In terms of relief, CA Well Being seeks monetary damages.

**B.     Defendants' Motion to Dismiss**

On March 8, 2012, Defendants filed the instant motion to dismiss.  Therein, Defendants argue that CA Well Being's claim for fraud must be dismissed because it is not pleaded with the specificity required by Federal Rule of Civil Procedure 9(b).  CA Well Being filed an opposition to the motion on March 22, 2012 arguing the contrary.

---

[1] During the period covered by this lawsuit, CA Well Being never actually earned a net profit.

2

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting [the] fraud[.]" Fed. R. Civ. P. 9(b).  This heightened pleading standard requires the party to do more than simply identify a transaction and allege in a conclusory manner that the transaction was fraudulent.  See In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc), superceded by statute on other grounds.  Rather, the party must set forth in detail "the who, what, when, where, and how" of the alleged fraudulent conduct.  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted).  The purpose of Rule 9(b) is to protect defendants from factually baseless claims of fraud inasmuch as it is meant to give defendants notice of the claims asserted against them.  See Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009).  When a party averring fraud fails to meet the heightened pleading standard of Rule 9(b), dismissal of the claim is proper.  See Vess, 317 F.3d at 1107 ("A motion to dismiss a complaint or claim 'grounded in fraud' under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim.").

## III.   DISCUSSION

CA Well Being appears to characterize its claim for fraud as consisting of two components: (1) an allegation that Mr. Zavala fraudulently induced CA Well Being into entering a contract when Mr. Zavala assumed responsibility and control over CA Well Being's bookkeeping in November 2007; and (2) allegations that Mr. Zavala made fraudulent statements thereafter assuring CA Well Being that the company's taxes and expenses were being paid on time and that Mr. Zavala and 4Corner were being compensated the proper amount.  (See Doc. 1, Ex A, Compl., ¶¶ 24-26.)  Neither component, however, is adequately pleaded under Rule 9(b).

First, there are scant details regarding the alleged November 2007 contract or agreement.  CA Well Being asserts that the parties reached an oral agreement for Mr. Zavala to assume responsibility over CA Well Being's bookkeeping.  Yet, CA Well Being fails to allege what exactly was agreed upon and how the agreement was reached.  In particular, there are no allegations regarding: (1) the specific representations made by Mr. Zavala; (2) to whom exactly the representations were made; and (3) where and on what date the representations were made.  In the absence of such, CA Well Being fails to meet

the heightened pleading standard of Rule 9(b).  See Saldate v. Wilshire Credit Corp., 686 F. Supp. 2d 1051, 1065 (E.D. Cal. 2010) ("[A plaintiff claiming fraud must] allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, *to whom they spoke, what they said or wrote, and when it was said or written*.") (quoting Tarmann v. State Farm Mut. Auto Ins. Co., 2 Cal. App. 4th 153, 157 (Ct. App. 1991)) (emphasis added).

Second, there are even fewer details regarding the allegedly fraudulent statements Mr. Zavala made after November 2007.  All that CA Well Being alleges is that whenever it questioned Mr. Zavala about certain payments, Mr. Zavala repeatedly assured CA Well Being that the company's taxes and expenses were being paid on time and that Mr. Zavala and 4Corner were being compensated the proper amount.  Again, CA Well Being fails to allege facts indicating: (1) when and where these statements were made; and (2) to whom these statements were made.  See Saldate, 686 F. Supp. 2d at 1051.  Thus, to the extent that its claim for fraud hinges on these allegations, CA Well Being still fails to meet the heightened pleading standard of Rule 9(b).

Accordingly, CA Well Being's claim for fraud must be dismissed.  Nevertheless, because the claim's deficiency can be cured through the allegation of additional facts, CA Well Being will be given an opportunity to file an amended complaint.  See Cook, Perkiss & Liehe, Inc. v. Northern California Collection Service Inc., 911 F.2d 242, 247 (9th Cir. 1990) ("[A] district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts.").

**IV.  CONCLUSION**

For the reasons set forth above, this Court:

1. VACATES the April 5, 2012 hearing set for this matter;
2. GRANTS Defendants' motion to dismiss; and
3. ORDERS CA Well Being to file and serve an amended complaint by April 24, 2012.

IT IS SO ORDERED.

**Dated:    April 3, 2012**               /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE